State of Vermont
Superior Court—Environmental Division

===============================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
===============================================================================

**In re Lake Champlain Bluegrass Festival Jurisdictional Opinion (#6-007)    Docket No. 204-11-10 Vtec**
**(Appeal from Act 250 Jurisdictional Opinion issued by the District Env. Commission Coordinator)**

Title: Motion to Dismiss (Filing No. 1)

Filed: February 14, 2011

Filed By: Liam L. Murphy, Attorney for Appellees Steven Palmer, Haybale Entertainment, LLC,
    Loren Palmer, and Windmill Bay Farms, LLC

Response in Opposition filed on 2/23/11 by Joseph F. Cahill, Jr., Attorney for Appellants Rene Prairie, Jr.
    and Louise Prairie

Reply filed on 4/1/11 by Liam L. Murphy, Attorney for Appellees Steven Palmer, Haybale Entertainment,
    LLC, Loren Palmer, and Windmill Bay Farms, LLC

Supplemental information filed on 5/4/11 by Joseph F. Cahill, Jr., Attorney for Appellants Rene Prairie, Jr.
    and Louise Prairie

Supplemental information filed on 5/4/11 by Liam L. Murphy, Attorney for Appellees Steven Palmer,
    Haybale Entertainment, LLC, Loren Palmer, and Windmill Bay Farms, LLC

___ Granted                          _X_ Denied                          ___ Other

Before us is a motion to dismiss the appeal of Rene R. Prairie and Louise Prairie ("Appellants") of a reconsidered jurisdictional opinion ("JO") issued on October 11, 2010 by the District 6 Environmental Commission Coordinator ("District Coordinator") pursuant to 10 V.S.A., Chapter 151 (commonly known as "Act 250"). The JO concerns the use of property to host an annual bluegrass music festival in Alburgh, Vermont. Through their motion, Haybale Entertainment, LLC and its agent Steven Palmer, and Windmill Bay Farms, LLC and its agent Loren Palmer, (collectively "Festival Organizers") have sought dismissal of the appeal, arguing that Appellants have no standing to appeal.

Following an initial examination of the parties' pleadings and our own legal research, we concluded that it was appropriate to convert the pending motion to dismiss to a motion for summary judgment on the question of Appellants' standing. See V.R.C.P. 12(b) ("If, on a motion . . . to dismiss . . . , matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."). By our Entry Order of April 27, 2011, we provided the parties with an opportunity to supplement their initial filings; both the Festival Organizers and Appellants subsequently completed such filings. We now take up the substance of the pending motion.

The standard we employ in determining whether to grant the Festival Organizers summary judgment is a familiar one: we are directed to do so only after concluding that there are no material facts in dispute and that they are entitled to judgment as a matter of law. See V.R.C.P. 56(c)(3). In assessing the material facts, we must "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and give the non-moving party (here, Appellants) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citations omitted).

In their filings, the Festival Organizers argue that Appellants have no standing to appeal the District Coordinator's JO of October 11, 2010. The Organizers argue that Appellants do not make adequate factual representations to meet the standing requirements dictated in the statutes controlling the procedure for appealing a jurisdictional opinion. They also refute some of the facts Appellants allege and argue that Appellants have made insufficient reference to evidence in support of their factual allegations.

Under the applicable statutory scheme, in order for Appellants to have standing to appeal the JO, they must qualify as "person[s] aggrieved" by the JO determination. 10 V.S.A. §§ 8503(b)(2), 8504(a). To qualify as "person[s] aggrieved," Appellants must allege facts supporting a finding on each of the four elements found in 10 V.S.A. § 8502(7): "(1) an injury; (2) to a particularized (i.e., not generalized) interest protected by Act 250; (3) that is impacted by the proceedings appealed from; and (4) that this Court can redress" in this appeal proceeding. In re Marcelino Waste Facility, No. 44-2-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. Jan. 28, 2008) (Durkin, J.). The standards found in § 8502(7) incorporate both the three familiar constitutional elements of standing—injury in fact, causation, and redressability—as well as the prudential elements of a particularized injury that falls within a statute's zone of interests—here, that implicates interests protected by Act 250 criteria or sub-criteria. See In re Marcelino Waste Facility, No. 44-2-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. Nov. 6, 2007) (Durkin, J.); In re Champlain Marina, Inc. Dock Expansion, No. 28-2-09 Vtec, slip op. at 4–5 (Vt. Sup. Ct. Envtl. Div. July 31, 2009) (Durkin, J.) (citing Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341 (1997).

Accepting as true the allegations Appellants make in their response to the Festival Organizers' motion, allegations Appellants support with two affidavits and exhibits, we find them sufficient to satisfy the standing requirements of 10 V.S.A. § 8502(7) and defeat the pending motion. Appellants' allege that they own land that abuts the property on which the bluegrass festival is proposed to occur and that their access to and enjoyment of (primarily via hunting) their land is impacted by the noise, activity, and vehicles associated with the festival. Thus, Appellants have established that they have particularized interests that may be impacted by the festival operations and that may be addressed under Act 250 criteria 5 (concerning traffic) and 8 (concerning scenic and natural beauty). See 10 V.S.A. § 6086(a)(5), (a)(8).

Appellants also allege that the construction undertaken in preparation for the festival may impact wetlands on the festival site as well as the drainage patterns of water in the area. We find these allegations insufficient, when reviewed alone, to establish standing. Specifically, Appellants' statements appear speculative in that they neither clearly identify any impact on Appellants (i.e., a particularized injury) nor describe how the impacts they allege are governed by specific Act 250 criteria. However, because Appellants make a sufficient showing of particularized interest impacts that may occur and may be governed by Act 250 criteria 5 and 8, we conclude that Appellants have standing to appeal the JO.

We must emphasize, however, that our references here to specific Act 250 criteria should in no way be read as conclusions that Appellants have made a sufficient showing to secure party status under any criteria. Such determinations would be premature and are not necessary in an appeal of a jurisdictional opinion. Compare 10 V.S.A.§ 8054(a) (merely requiring one to be a "person aggrieved" to appeal a determination made by a district coordinator) with 10 V.S.A. § 8054(d) (imposing additional restrictions, including the attainment of party status as to specific Act 250 criteria, on one who appeals a district commission determination).

Because we conclude that Appellants have sufficiently shown that they have standing to appeal the October 11, 2010 JO, we **DENY** the Festival Organizers' motion. Having resolved the legal challenge to Appellants' standing to bring this appeal, we must now determine whether Act 250 jurisdiction applies to the festival. The Court will conduct a pre-trial telephone conference to determine pre-trial scheduling (see attached notice); the parties should prepare for this conference by discussing what scheduling is needed and appropriate prior to trial, including the procedural issues of further discovery and mediation.

_____     _____May 12, 2011\_\_\_\_\_
          Thomas S. Durkin, Judge                                         Date

========================================================================

Date copies sent to: _____                     Clerk's Initials _____

Copies sent to:

   Joseph F. Cahill, Jr., Attorney for Appellants Rene Prairie, Jr. and Louise Prairie

   Liam L. Murphy, Attorney for Appellees Steven Palmer, Haybale Entertainment, LLC, Loren Palmer, and Windmill Bay Farms, LLC

   John H. Hasen, Attorney for the Vermont Natural Resources Board/Land Use Panel